The Honorable Bob Watts State Representative State Capitol Little Rock, AR 72201
Dear Representative Watts:
This is in response to your request for an opinion on the following questions:
 1. Is an individual who is arrested by a city police officer within the city limits while in the process of violating any misdemeanor statute considered a city prisoner?
 2. Is it the city's continuing financial responsibility to reimburse the county for expenses incurred in incarcerating a city prisoner after said city prisoner is tried, convicted and sentenced to the county jail?
These questions were answered informally by this office in Unofficial Opinion Number 84-154, a copy of which is enclosed. I am in agreement, with regard to your first question, that the offender would be considered a city prisoner where the misdemeanor is a violation of municipal ordinances or Arkansas statutory law. See also A.C.A. § 16-17-707 (Supp. 1989) (distinction drawn with respect to fines and fees distributed to city and county treasuries).
In response to your second question, however, please note that I have enclosed a copy of Unofficial Opinion Number 86-573 which addresses, specifically, a city's responsibility for expenses incurred once an offender is sentenced to the county jail. It is my opinion that Unofficial Opinion Number 86-573 accurately reflects the current state of the law wherein it concludes that once sentenced to the county jail, an offender becomes a county prisoner and the city has no continuing financial responsibility in connection with that prisoner. Thus, the answer to your second question is, in my opinion, "no."
Unofficial Op. No. 84-154 appears to premise its conclusion in response to this second question upon the assumption that the prisoner is, following conviction, a city prisoner. While the expense of keeping municipal prisoners in a county jail may clearly be charged to the municipality (A.C.A. § 12-41-506), I do not believe that a prisoner is a prisoner of a municipality once sentenced to a term in the county jail. When a judge has convicted an offender to the county jail, it is my opinion that it cannot reasonably be contended that the county is "keeping such prisoner in the county jail" within the meaning of §12-41-506.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb